## Galloway vs. Devaney & Wife.

The mere reservation of a life estate in an absolute conveyance of land does not necessarily make the conveyance testamentary in its character.

*Writ of Error to Pulaski Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Garland, for the plaintiff.

A deed to take effect after the death of the grantor, is but a will. 1 *Jarm. on Wills* 12, 13; 4 *Dessa.* 619; 1 *Ib.* 543; 5 *Conn.* 317; 7 *Ib.* 315.

Bertrand, for the defendants.

Mr. Justice Compton delivered the opinion of the Court.

In an action of ejectment, Devaney & wife recovered of Galloway a tract of land, known as the S. W. ¼ sec. 29, T. 2 N., R. 11 W., containing 160 acres.

The case was tried in the court below upon an agreed statement of facts, from which it appears that, on the 7th of May, 1842, Hardy Robinson, who was the father of Mrs. Devaney, by deed of that date, duly executed and recorded, conveyed to her the land in controversy, reserving to himself a life estate; and that on the 25th of March, 1853, he made his will, by which, among other legacies, he bequeathed as follows:

"Item 5. I will and bequeath unto my son, Henry Robinson, and my daughter, Nancy, (now Mrs. Devaney), in equal portions, the proceeds of eighty acres of land, lying about two miles north-east from Little Rock, known as the Cypress tract, the

proceeds to be paid to them after the said land is sold, and the money collected, as hereinafter indicated.  *  *  *  Item 7th. I will and bequeath to my beloved wife, Mary Frances, absolutely in her own right, in fee simple forever, the plantation on which I now reside, known as *Mount Gallant*, embracing 640 acres of land more or less, and any and all other real estate which I may own, except the 80 acre Cypress tract above described."

It also appears that Robinson died soon after making his will, and that Galloway intermarried with his widow.

Devaney & wife claim title to the premises under the deed of the 7th of May, 1842, and Galloway under the 7th item of the will above quoted, insisting that the former instrument was in legal effect but a will, and was consequently revoked by the latter.

The conveyance to Mrs. Devaney was not copied into the bill of exceptions, and we have nothing before us from which to determine its character and legal effect, except the agreed statement, that it was the deed of Hardy Robinson, duly executed and recorded, by which he conveyed the land to Mrs. Devaney, reserving to himself a life estate in it. Taking this to be true, the proposition that the mere reservation of a life estate in Robinson necessarily made the conveyance testamentary in its character, is not maintainable. On the contrary, under our system of conveyancing, the deed vested Mrs. Devaney with a present interest in the land to be enjoyed *in futuro*. The authorities relied on by the counsel for Galloway are cases where an *animus testandi* appeared, either from the face of the instrument itself, or from circumstances attending its execution. There being no such evidence in this case, there is nothing to warrant the conclusion that the conveyance to Mrs. Devaney was intended to be testamentary, and we therefore hold it strictly a deed, which Robinson had not the power to revoke, even if he had desired to do so.

The Court deem it unnecessary to notice the legal proposition that Mrs. Devaney was compelled to elect whether she

would hold the land conveyed by the deed, or take the proceeds of the sale of that devised by the will, further than to remark that no such question arises upon the record; because it does not appear that Robinson ever attempted to devise by his will the same land which he had previously conveyed to Mrs. Devaney by the deed of 7th of May, 1842.

Seeing no error in the record, the judgment must be affirmed with costs.