ELIZABETH R. JENKINS ET AL. v. NANCY R. ADCOCK ET AL.

No. 361.

1. Quitclaim.—An instrument conveying the entire interest of the grantor in land, inherited jointly by herself and another, and closing with a covenant of general warranty, is not a quitclaim deed.

2. A Deed and not a Will.—See this case for an instrument, taking effect at the death of the maker. which was held to be a deed and not a will.

3. Construction of Instrument.—The instrument, in consideration of $50, bargains, sells, and conveys to the grantee the entire interest of the grantor in certain lands bequeathed to the grantor and grantee by their mother, to be held and occupied by the grantor until her death, and at her death is by these

presents conveyed to the grantee. *Held*, to convey to the grantee an estate in remainder, after the determination of the life-estate reserved to the grantor, although the instrument upon its face shows that at its date the mother, who had made the bequest, was still living, and her will had not at that time taken effect by her death.

APPEAL from Jefferson. Tried below before Hon. W. H. FORD.

*Hobby*, *Lanier & Kirby* and *W. L. Douglas*, for appellants.—The court erred in holding that the instrument, a copy of which is attached to the first amended original petition and introduced in evidence, bearing date June 22, 1889, and signed by Elizabeth J. Hays, was a deed, and that same was executed for a valuable consideration, and expressed the intention of the grantor and grantee at the time of its pretended execution; because it appears from said instrument, on its face, that the grantor had no interest or right in or to the premises described therein, and that the title and ownership thereof was in her mother, Ellen R. Collier, who was then living; because said instrument undertakes to convey only the right, title, and interest of the grantor as it then existed, she having none, and is a quitclaim deed, if not a will; and if it expresses the intention of the parties thereto, it does not convey any after-acquired interest of the alleged grantor. The court will look to the circumstances, the consideration, and the language of the instrument to determine whether or not it is a quitclaim deed. Shepard v. Hunsock, 1 Posey's U. C., 582; Rensalaer v. Kearney, 11 How., 322; Richardson v. Levy, 67 Texas, 360.

*Greer & Greer*, for appellees.—Courts are governed by the intention of the parties to an instrument, and this intention is discovered by all the circumstances surrounding the parties at the time of the contract. Webster v. Mann, 52 Texas, 416.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant Elizabeth Jenkins, joined by her husband, brought this suit to cancel or reform an instrument which was in form of a deed conveying plaintiff's interest in a tract of 200 acres of land to her sister, Mrs. Adcock, the appellee, but which was alleged in the petition to have been intended to operate simply as a will, and to devise to appellee such interest in the land as plaintiff might have remaining undisposed of at her death.

The petition charged, that by mutual mistake of herself and her sister, as well as of the draughtsman of the paper, it was made to assume the form of a quitclaim deed, conveying the land absolutely, but to take effect at her death, when the intention of all the parties was that it should be a will, leaving in plaintiff the power of revocation, and of control and disposition of the land during her life, and bequeathing to her sister only such portion as should remain undisposed of at plaintiff's death. It was

also charged that the defendant procured the instrument by fraud, misrepresentation, and undue influence; that the instrument was without consideration, was never delivered, and was not intended to be recorded; but that defendant had obtained possession of and recorded it, and was asserting title under it. A further allegation was made that the instrument was not intended to embrace the 200 acres, but only a tract of 5 acres of same, which already belonged to the parties jointly. The defendants pleaded general denial.

The court below rendered judgment for defendants, which is brought in review in this appeal.

The instrument in question is as follows:

" *The State of Texas, County of Jefferson.*—Know all men by these presents, that I, Elizabeth Jane Hays, a feme sole, of the State of Texas and county of Jefferson, for and in consideration of the sum of $50, to me paid by Nancy R. Adcock, have granted, sold, and conveyed (to take effect at my death), and by these presents do grant, bargain, and sell to the said Nancy R. Adcock, of said county and State, my entire interest in and to 200 acres of land of the Hezekiah Williams survey, situated in Jefferson County, State of Texas, on the west bank of Neches River, including the homestead and ferry of our mother, Ellen R. Collier, and being the same land bequeathed to us, the said E. J. Hays and N. R. Adcock, by our said mother in her last will and testament, and which said land and ferry is now held and occupied by our said mother until her death, when the said E. J. Hays is to hold and occupy the same until her death, and at my death my entire interest in said land and premises is by these presents conveyed to my said sister, Nancy R. Adcock.

" To have and hold, the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Nancy R. Adcock, her heirs and assigns forever; and I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said Nancy R. Adcock, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

" Witness my hand, this the 22nd day of June, A. D. 1889.

her<br>
" Elizabeth Jane X Hays.<br>
mark.

"Witness:

"J. E. Charpiot,

" W. L. Rigsby."

The evidence showed the following facts: Mrs. Ellen Collier, the mother of both plaintiff and defendant, owned as her homestead a tract of 200 acres of land, besides other property. She had, on the 31st day of

March, 1879, conveyed to the plaintiff and defendant 5 acres out of the tract, to be held by them jointly during the life of the plaintiff, at whose death the whole was to vest in the defendant, Mrs. Adcock, and her heirs. She also, at sometime in 1879, made her will, by which she devised to plaintiff and defendant jointly the land in controversy, other property also being devised to them and other heirs. On the 22nd of June, 1889, when the instrument in question was executed, Mrs. Collier sent for her attorney, and had him to examine her will, to see that all of the children were included, and that the property was properly disposed of. Finding that the will was as she desired it to be, she stated that she did not wish her homestead, the land in dispute, to be divided, but wanted it, with the 5 acres previously conveyed to plaintiff and defendant, kept together, and that at plaintiff's death she wanted it all to belong to Mrs. Adcock. She requested the attorney to so arrange that this object should be attained, and proposed that plaintiff make her will, bequeathing her interest in the property to Mrs. Adcock. The attorney suggested that a will could be changed, and that the desired end could best be secured by a deed from plaintiff to her sister. To this the plaintiff, the defendant, and Mrs. Collier assented, and it was agreed that the consideration for the deed should be a debt of $50, which plaintiff owed defendant, and which was thus satisfied. The deed was then prepared by the attorney and signed by plaintiff, who was then a widow 54 years old, without children, and was delivered to the defendant. There were no misrepresentations, fraud, or undue influence employed by any of the parties, and the instrument as prepared is in accordance with the agreement. Mrs. Collier died in November, 1890, since which time the parties have jointly received the income derived from the ferry upon the 5 acres tract, amounting to $25 to $30 per month.

The plaintiff testified to some facts tending to prove her allegations that the effect of the instrument was different from what she intended it to be, and stated that she could not read, and did not remember whether or not the paper was read to her. The defendant and the attorney testified to the facts above stated, and as the trial judge must have adopted their version of the transaction, we find those facts to have been established.

*Opinion.*—It is first contended by appellants that the instrument was a quitclaim deed, passing only such interest as the grantor then had in the land, and that as Mrs. Collier was still living, and the devisees in her will had no title to the property, nothing then passed, and the title acquired after Mrs. Collier's death, under her will, remained in Mrs. Jenkins, unaffected by the deed.

In our opinion the deed is not merely a quitclaim. It purports to convey not simply the "right, title, and interest or claim" of the grantor

to the tract of land, but her entire interest in the tract.    This we understand to mean the quantity of her interest; that is, the undivided half. The language of the instrument is not such as is appropriate to quitclaim deeds.    There is nothing in it, but the fact that she conveys all her "interest" in the land, that bears any resemblance to that kind of a deed; and this is explained by the fact that she expected only to get a half-interest in the tract.    The clause of general warranty removes all doubt as to the character of the conveyance.    Besides, by the very terms of the instrument, the thing conveyed is the land the grantor expects to receive through her mother's will.    It is plain that the intention was not to convey such title as Mrs. Jenkins then had to the land, but all she expected ever to get through the will.    A conveyance of such an expectancy is valid and, in equity, the right of the grantee attaches to an interest which vests on the death of the ancestor or testator in the heir or devisee.    Teid. on Real Prop., sec. 800, and authorities cited.

Especially is this the case where the deed contains a general warranty under which the after-acquired title of the heir or devisee may pass by estoppel.    Teid. on Real Prop., secs. 727, 728.

That the paper expressed the intention of the parties, is a conclusion amply supported by the evidence, and there was no error in the holding of the court below that such was the fact.    There was sufficient proof of a consideration for the conveyance.    The circumstances under which it was made were sufficient to uphold it, if no money consideration were shown.    But there was proof of such a consideration; whether or not it was adequate, we have only the agreement of the parties to guide us. At the time of the transaction it might have been a very difficult matter to determine what was the value of such interest in the land as plaintiff expected to receive under her mother's will.    It was evidently Mrs. Collier's purpose that plaintiff should have only a life-estate in the portion of the homestead devised to her.    While her then existent will did not so provide, it was in her power to make another to effectuate her purpose. No one objected to her doing so; and it is plain that this instrument was executed in order to render such action on her part unnecessary.

The interest released to Mrs. Adcock by the plaintiff was not then vested, and would never have vested had the arrangement not been made. It can not, therefore, be said, we think, that there was not a sufficient consideration to support the deed.

The next contention of appellants is, that the instrument should have been construed and declared by the court to be a will and not a conveyance of the property.

We can not assent to this proposition.    The instrument was to become effectual to pass title only after the death of the grantor.    This is the only feature in it which is proper to a will; and that may characterize a deed as well as a will.    The language is all such as is usually employed

in deeds, and not such as is appropriate to testamentary documents. The land is granted, bargained, and sold; a consideration is recited; there are the usual habendum and tenendum clauses, and a clause of general warranty of title. There is no reservation of the right to dispose of the property, nor of a power of revocation. On its face the deed creates and conveys to the grantee an estate in remainder after the determination of the life-estate reserved to the grantor. The evidence, aside from the paper itself, shows that this method of settling the matter in question was adopted in preference to a will, for the very reason that a will could be changed or revoked, while a deed could not.

The court did not err in holding the instrument to be what was intended, and that it was not a will, but a conveyance, or at least a contract for the conveyance, of the interest to be obtained by Mrs. Jenkins under her mother's will, and in rendering judgment for defendants.

*Affirmed.*

Delivered November 23, 1893.