GRIFFITH *et al. v.* DOUGLAS, executor.

SIMMONS, C. J.   1. An instrument in all respects in the form of a warranty deed, attested as a deed, and delivered to the party named as grantee, although it contains the words "that this deed is not to go into effect until after the death of the party of the first part, but at the death of said party of the first part the party of the second part is to take possession," should be treated, not as a will, but as a conveyance passing title in presenti, with right of possession postponed until the death of the grantor.   *West* v. *Wright*, 115 *Ga.* 277; *Brice* v. *Sheffield*, 118 *Ga.* 128, and cit.; *Watkins* v. *Nugen*, 118 *Ga.* 372.

2. The above-named cases and others to similar effect are, upon a review thereof, affirmed.          *Judgment affirmed.   All the Justices concur.*

Argued June 13, — Decided July 13, 1904.

Complaint for land.   Before Judge Holden.   Morgan superior court.   November 18, 1903.

The defendants contended that the following instrument, on which the plaintiff based his claim of title, was testamentary, and not a conveyance passing title in presenti.

"State of Georgia, Morgan County. This indenture, made the 4th day of August, in the year of our Lord one thousand, eight hundred and ninety-two, between Mrs. Cynthia D. Head, of the County of Morgan and State of Georgia, of the first part, and A. S. N. Few, of the County of Morgan and State of Georgia, of the second part, witnesseth: that the said party of the first part, for and in consideration of the sum of ten dollars and the natural love and affection she bears to said A. S. N. Few, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell alien, convey, and confirm unto the said party of the second part, heirs and assigns, all the following described property: [the land in dispute, describing it] and also all the personal property of every description, except household furniture and bedding, that shall be left on said plantation above described at the time of the death of the party of the first part, and it is expressly understood that this deed is not to go into effect until after the death of the party of the first part, but at the death of said party of the first part the party of the second part is to take possession. To have and to hold the said above granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, his heirs, executors, administrators, and assigns, in fee simple; and the said party of the first part the said bargained property above described, unto the said party of the second part, his heirs, executors, administrators, and assigns, against the said party of the first part, her heirs, executors, administrators, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend, by virtue of these presents. In witness whereof the said party of the first part has hereunto set her hand and affixed her seal, and delivered these presents, the day and year first above written.

"Signed, sealed and delivered    C. D. Head (L. S.) in presence of us: J. T. Hester, L. H. Carter, N. P. ex-off. J. P."

At the trial it was admitted that if this instrument was a deed,

the plaintiff was entitled to recover.    The court held that the paper was a deed conveying a present estate, and directed a verdict for the plaintiff.  To this the defendants excepted.  It was also assigned as error that the court allowed the plaintiff to testify as follows :  A. S. N. Few was the nephew of Mrs. Cynthia D. Head, and lived with her several years prior to his death.    Mrs. Head was a widow and childless, and had been so several years prior to the execution by her of the paper hereinbefore set out to A. S. N. Few.   After the death of A. S. N. Few [which, it was admitted, occurred prior to the death of Mrs. Head] the witness found said paper in said Few's trunk in the dwelling-house of Mrs. Head on the land in dispute.    The defendants objected to this testimony as irrelevant, and as not admissible to aid in the construction of the paper in question, or to supply a cause or motive for its execution. The defendants excepted also to the refusal of the court to admit in evidence the last will of Cynthia D. Head, bequeathing to them the property in dispute, dated October 18, 1895, and legally probated and recorded, a part of which was as follows :  " Item 1st. I hereby expressly revoke a certain will made by me on the 4th day of August, 1892, and signed in the presence of J. T. Hester and L. H. Carter, N. P. & J. P., wherein I gave to my nephew, A. S. N. Few, [the land in dispute, describing it] and also 'all the personal property of every description (except household furniture and bedding) that shall be left on said plantation at the time of my death.'    I was deceived into the execution of said will, did not know its contents, did not have it read over to me, never read the paper myself."

Cited by counsel:   Civil Code, §§ 3252, 3254, 3602, 3673, 3675;  *Ga. R.* 2/31;  3/460, 485, 569;  4/52, 75;  6/516; 8/450; 10/506; 13/515; 17/234, 267; 20/707; 22/460, 472, 491, 495; 28/98, 330; 29/677; 31/720; 32/589; 41/212; 51/239; 52/531; 55/68, 369; 56/513; 62/629; 66/127; 69/617; 73/97; 74/614; 80/154; 83/787; 89/290; 90/650; 91/564; 92/233; 94/159; 96/423; 105/86, 87; 107/436; 108/739, 740; 112/214; 115/277; 118/129 ; 2 Chit. Bl. 417, 241; 4 Kent's Com. 489 ; 1 Wms. Ex. 91; 1 Jarm. Wills, 26 ; 27 Am. & Eng. Enc. L. (1st ed.) 124; 9 Id. (2d ed.) 90–1, 139–40; 1 Bouv. L. Dict. 627; Black's L. Dict. 555 ; 24 Ala. 122; 28 Ala. 309; 38 Ala. 26 ; 59 Ala. 349 ; 86 Ala. 302 ; 94

Ala. 275; 106 Ala. 131; 21 Ark. 526; 50 Ark. 367; 16 Conn. 474; 106 Ind. 580; 114 Ind. 179; 135 Ind. 232; 140 Ind. 533; 77 Iowa 549; 95 Ky. 346; 25 Minn. 520; 30 Miss. 91; 34 Miss. 533; 35 Miss. 197; 56 Hun (N. Y.), 639; 29 N. C. 92; 94 N. C. 648; 19 Ore. 296; 14 Pa. St. 489; 51 Pa. St. 126; 165 Pa. St. 10; 2 Strob. Eq. (S. C.) 343; 9 Rich. Eq. (S. C.) 303; 10 Rich. Eq. 217; 3 S. D. 382; 32 Tenn. 648; 78 Tenn. 73; 82 Tenn. 316; 23 Tex. 653; 46 Tex. 556; 5 Tex. Civ. App. 466; 7 Tex. Civ. App. 40; 13 S. W. (Tex.) 1018; 34 S. W. 774.

*Foster & Butler,* for plaintiffs in error.
*George & Anderson,* contra.