## JONES *et al.* v. LINGO.

1. This case is controlled by *West* v. *Wright,* 115 *Ga.* 277, and under the rule of construction there laid down, the instrument relied on by the defendant was not a will, but a deed conveying a present interest in the property described.
2. The above being the only point argued in the brief of counsel for plaintiff in error, the other assignments of error in the bill of exceptions will be treated as abandoned.

Submitted June 13, — Decided July 14, 1904.

Ejectment.    Before Judge Holden.    Wilkinson superior court.
October 5, 1903.

The plaintiffs claimed title to the land in dispute as heirs at law
of M. N. Murphey.   The defendant also claimed under M. N.
Murphey, and relied on an instrument in the following form :
" Georgia, Wilkinson County.     This indenture, made this the 26th
day of May, 1891, between M. N. Murphey of the State and county
aforesaid, of the first part, and James M. Murphey of the same
place, of the other part, witnesseth, that for and in consideration
of the sum of five dollars cash in hand paid, . . the said M. N.
Murphey hath bargained, sold, and given unto J. M. Murphey, for
the uses and purposes hereafter named, the following property [de-
scribing the land in dispute].    The conditions of this deed is that
the said James Murphey is to dispose of (after my death which
property I reserve the right to control and possess and own dur-
ing my life) all of said property by sale out of which, after pay-
ment the following debts to wit : such as I may be due to any
one, that is just, or that I may contract for, and the medical bill
that I am now due Wood & Carswell, and then such as may be
then in hand to pay it over to my two daughters, Jennette E. and
Unoka Murphey, share and share alike, after paying his expenses.
for sale, etc.    All of this I do to place this absolute deed in the
said Jas. M. Murphey to sell and make such deeds conveying the
whole titles to the premises thereof without let or hindrance.    To
have and to hold said lands forever in fee simple.      Hereby war-
ranting the titles thereof to the said James M. Murphey and his
assigns against the claims of all persons whomsoever.    In witness
I have set my hand and seal this the day aforesaid.    [Signed] M.
N. Murphey.    Signed, sealed, and delivered in the presence of us.
[Signed] J. W. Brundage, J. F. Lingo, J. W. Lindsey."   The paper
was indorsed as follows :  " Georgia, Wilkinson County.   Personally
before me came J. W. Lindsey, who being duly sworn says that
he saw M. N. Murphey signed, sealed, and delivered this within
deed for the purpose named therein.   Sworn to and subscribed be-
fore me May 28, 1891.   [Signed] J. W. Lindsey.   H. D. Hughes,
Clerk Supr. Court, W. Co. Ga.   Recorded May 28, 1891.   [Signed]
H. D. Hughes, Clk."    The instrument was admitted in evidence
over the objection of the plaintiffs that it was testamentary in
character and had not been probated.    The defendant introduced

also a deed of subsequent date, by James M. Murphey, conveying to her the property in dispute.    The court directed a verdict for the defendant.    The plaintiffs excepted.

*Glawson & Fowler* and *R. D. Feagin*, for plaintiffs.

*F. Chambers & Son*, for defendant.

LAMAR, J. The judge below, following *West* v. *Wright*, 115 *Ga.* 277, construed the instrument to be a deed and not a will.    It has all of the requisites to bring it within that decision.    It was in the form of a deed; it expressed a consideration; it contained a warranty; it was delivered to the grantee, and purported to make a present conveyance of title by "absolute deed."    The reservation of the right to "control and possess and own during [his] life," and the fact that the paper was signed in the presence of three witnesses, were not of themselves sufficient to take the case out of the rule declared in *West* v. *Wright*.    That three witnesses attested the instrument might be of importance if its character was otherwise doubtful; but the instrument is not changed from a deed into a will by the number of witnesses.    The reservation of the life interest is not only not inconsistent with the grant of a present interest, but the very fact that title passed presently was the very thing that made it necessary to reserve the life-estate.    While there may at one time have been uncertainty as to how such instruments should be construed, the matter is put at rest for us by the ruling above referred to; and the judgment is                    *Affirmed.    All the Justices concur.*