### SHARPE, administrator, v. MATHEWS.

1. A paper in the form of a deed, attested as a deed and delivered to the party named as grantee, and in the granting, as well as in the habendum and tenendum clause, purporting to convey the title in presenti, is not to be construed as testamentary in its character because it recites that the premises are to "remain the right and property" of the grantor "for and during her natural life," the purpose and effect of this recital being to reserve a life-estate in the grantor.

2. One who enters into the possession of land under a deed, claiming in good faith the land as his own, can not be summarily evicted from the premises as a tenant at sufferance.

Submitted July 11, — Decided August 4, 1905.

Eviction. Before Judge Roberts. Montgomery superior court. November 7, 1904.

*Warren Grice*, for plaintiff.

*Garrard & Meldrim* and *J. B. Geiger*, for defendant.

EVANS, J. On the second day of January, 1902, Betsey A. Mathews sued out a warrant to dispossess Daniel L. Mathews as a tenant at sufferance. He filed a counter-affidavit in which he denied that he was a tenant at sufferance or otherwise. On March 9, 1903, Betsey A. Mathews died, and on April 26 of the following year W. H. Sharpe, who had been duly appointed administrator upon her estate, was made a party plaintiff in her stead. On the trial of the case the plaintiff introduced the following documentary evidence: A deed from Neil A. Mathews and others to William C. Mathews, dated June 30, 1896, conveying to him the premises in question, and a transfer of this deed by William C. Mathews to Betsey A. Mathews, bearing the same date; also, a paper executed by Betsey A. Mathews, of

which the following is a copy: "State of Georgia, Montgomery County. This indenture, made the 6th day of July, in the year of our Lord one thousand, eight hundred and ninety-six, between Betsey A. Mathews, of the County of Montgomery, of the one part, and Daniel .L. Mathews, of the County of Montgomery, of the other part, witnesseth: that the said Betsey A. Mathews, for and in consideration of the sum of five hundred dollars in hand paid at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents does grant, bargain, sell, alien, convey, and confirm unto the said Daniel L. Mathews, his heirs and assigns," the tract of land conveyed to her by William C. Mathews, mentioned above. " Said tract of land is to remain the right and property of said Betsey A. Mathews for and during her natural life, and to become the property of the said Daniel L. Mathews, in fee simple, immediately upon the death of the said Betsey A. Mathews. In the event the said Betsey A. Mathews should survive said Daniel L. Mathews, then immediately upon the death of said Betsey A. Mathews said property is to become the property, in fee simple, of the heirs of said Daniel L. Mathews. As an additional consideration for said tract of land are the love and affection said Betsey A. Mathews bears for her son, the said Daniel L. Mathews, and the maintenance and support of said Betsey A. Mathews by the said Daniel L. Mathews for and during the. remainder of her natural life. To have and to hold the said bargained premises, with all and singular the rights, members, and appurtenances thereto appertaining, to the only proper use, benefit, and behoof of him, the said Daniel L. Mathews, his heirs, executors, administrators, and assigns, in fee simple. And the said Betsey A. Mathews the said bargained premises unto the said Daniel L. Mathews, his heirs, executors, administrators, and assigns, and against the said Betsey A. Mathews, her heirs, · executors, and administrators, and against all and every other person or persons, shall and will warrant and forever defend, by virtue of these presents. In · witness whereof, the said Betsey A. Mathews has hereunto set her hand and affixed her seal and delivered these presents, the day ˙and year first above written." This paper was attested by two witnesses. The scrivener testified, as a witness, that he drafted it at the in-

stance of Betsey A. Mathews; that she asked him to "draw the deed, and that the deed was written at his house." The attesting witnesses testified that they did not see any money paid at the time of the execution of the deed. Certain other witnesses were introduced and testified, that Betsey A. Mathews, about two years before her death, left the house of Daniel L. Mathews and took up her residence with a daughter, and that he did not thereafter contribute to her support. Daniel L. Mathews, who was sworn as a witness in behalf of the plaintiff, testified, that he did not pay the five hundred dollars recited in the deed, nor did he pay his mother, Betsey A. Mathews, anything at all; that he did pay the physician's bill for attending her during her last illness, and her burial expenses, as well as certain amounts for medicine; that he had paid taxes on the land and had furnished his mother with certain supplies while she was living with her daughter, and that he had done nothing to justify his mother in leaving his home. He further testified that he went into possession of the land under the paper executed and delivered to him by Betsey A. Mathews, entering in good faith and holding the possession and claiming the land under that instrument. After introducing this evidence, the plaintiff announced closed, and on motion of the defendant the court granted a nonsuit. Error is assigned upon the judgment of nonsuit.

1. The correctness of the ruling made by the trial judge upon the motion for a nonsuit depends in a large measure upon the construction to be put upon the instrument executed by Betsey A. Mathews and delivered to Daniel L. Mathews. The plaintiff in error insists that the paper is testamentary in its character, and that it is void because attested by only two witnesses. On the other hand, the defendant in error insists that the paper is a deed. In all essential respects it is similar to the instrument construed in *Griffith* v. *Douglas,* 120 *Ga.* 582, in which case it was held that where a paper is in the form of a warranty deed, and is attested as a deed and delivered to the party named as grantee, it should be treated, not as a will, but as a deed, notwithstanding it contains words to the effect that the enjoyment of the estate thereby conveyed is to be postponed until the death of the grantor. The paper now under consideration was executed in the form of a deed, was delivered to the grantee, and was produced

by him on the trial in response to a notice to produce. The ha-
bendum and the tenendum clause, "to have and to hold," was ap-
priate to a conveyance passing a fee-simple estate. The provision
that the land was to remain the right and property of the grantor
for and during her natural life occurred immediately after the
description of the property, and indicated the intent of the
grantor to convey the fee with a reservation of a life-estate in the
grantor. The provision that if the grantor should survive the
grantee, the land should, upon the death of the grantor, become
the property, in fee simple, of the heirs of Daniel L. Mathews,
simply indicated the intention of the grantor to convey an in-
heritable estate. Had this provision been omitted from the
instrument, its legal effect would have been the same. The paper
was a deed and not a will, and conveyed the title to the grantee,
with a reservation of a life-estate in the grantor. See authorities
cited in *Griffith* v. *Douglas,* supra.

2. Did the evidence show that the defendant was a tenant
at sufferance? His contention was that the deed conveyed the
title to him and gave him an immediate right to the enjoyment
of the premises. He evidently construed the reservation of a life-
estate as amounting to no more than a charge upon the land
for the support of his mother, the grantor, during her natural life.
This was an erroneous construction of the deed, but it illustrates
the nature and character of the defendant's possession. He
testified that he entered into possession of the land, claiming it as
owner under the deed from his mother. He did not hold under
her as her tenant, nor recognize that she had any interest in the
premises. The relation of landlord and tenant did not, therefore,
exist, and the summary proceeding authorized by the Civil Code,
§ 4813, was not available. *Watson* v. *Toliver,* 103 *Ga.* 123. "To
create the relation of landlord and tenant between parties, a
formal letting is not required. The relation may arise by implica-
tion, and, as a general rule, it is sufficient to create the relation
if it appears to have been the intention of one to enter or occupy
the premises in subordination to the title of the other. But
the relation will never be implied when the acts and conduct
of the parties are inconsistent with its existence. . . A tenant
is generally defined as one who occupies the lands or premises
of another in subordination to that other's title, and with his

assent, express or implied." 18 Am. & Eng. Enc. Law (2d ed), 164–5. When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if the possession is adverse to him, no such implication arises. Civil Code, § 3116. The defendant can not properly be regarded as a tenant at sufferance. According to the definition stated in 2 Bl. Com. 150, "an estate at sufferance is where one comes into possession of land by lawful title, but keeps it afterwards without any title at all." This definition was recognized and acted on by this court in *Godfrey* v. *Walker*, 42 *Ga.* 562, 575. See *Willis* v. *Harrell*, 118 *Ga.* 906. "A tenancy at sufferance arises when a man comes into possession lawfully, but holds over wrongfully after the determination of his interest, differing in this respect from a tenancy at will, where the holding is by the landlord's permission." 1 Taylor's Land. & Ten. (9th ed.) § 64. That is to say, such a tenancy is created where one enters into possession under a lawful demise, and his retention of possession after the expiration of his term is by the mere laches or neglect of the owner to take possession of the premises, where the entry is lawful, but the holding over is wrongful. There is no evidence that would authorize the conclusion that the grantor put upon the deed a construction different from that placed upon it by the defendant. The only evidence touching the nature of his possession was the testimony of the defendant himself, which discloses that his possession was not that of a tenant, but that he occupied the premises under a bona fide claim of title thereto. Under these circumstances, he could not be summarily evicted as a tenant holding over, and the judgment awarding a nonsuit should not be disturbed.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*