### PRITCHARD v. FOX et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1913.)

1. ESTOPPEL (§ 38*)—ESTOPPEL BY DEED—AFTER-ACQUIRED TITLE.

A general warranty deed to a one-seventh interest in land owned by a husband and wife, given by one of their seven children on death of the husband, passed the after-acquired title which descended to grantor on death of his mother.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 99–107; Dec. Dig. § 38.*]

2. HUSBAND AND WIFE (§ 129*)—LIABILITY OF WIFE—WARRANTY.

A deed by a widow, who has remarried, and the surviving daughter, also married, to a one-seventh interest in land described as having descended to their decedent, whereas only a one-fourteenth interest descended to him, passes a one-fourteenth interest only; the warranty not operating against the grantors.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 283, 468–470; Dec. Dig. § 129.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by M. R. Fox and others against J. M. Pritchard. Judgment for plaintiffs, and defendant appeals. Affirmed.

Hood & Shadle, of Weatherford, for appellant. J. M. Richards and Stennis & Wilson, all of Weatherford, for appellees.

CONNER, C. J. This appeal has been prosecuted upon an agreed statement of the pleadings and facts made up, filed, and approved as provided in Revised Statutes, 1911, art. 2112. All of the facts so agreed upon will of course be adopted and found by us; but, for the purpose of this opinion, we think it only necessary to make a brief statement thereof.

The action was instituted by M. R. Fox, Josephine Ferguson, joined by her husband, and Mamie Christain, joined by her husband, against J. M. Pritchard, to recover undivided one-fourteenth interests, respectively, in a certain 200 acres of land claimed by the defendant Pritchard as vendee of one J. G. Whitlow; the plaintiffs claiming as heirs of Riley Fox and C. A. Fox, the common source of title, and both deceased prior to the institution of the suit. M. R. Fox was a son, and Josephine Ferguson was the surviving wife, and Mamie Christain the only surviving child of Albert Fox, a deceased son of Riley Fox and C. A. Fox. A granddaughter, A. C. Tackett, joined by her husband, intervened and also claimed a like interest in the tract of land involved in the controversy. It appears that the land was acquired and occupied as a homestead by Riley Fox and C. A. Fox, and by them owned in common; that

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Riley Fox died on the 20th day of April, 1883, his wife, C. A. Fox, continuing her occupancy of the land until her death on or about the 6th day of April, 1911. It further appears that on the 28th day of September, A. D. 1888, M. R. Fox, joined by his wife, for a consideration of $75 paid, executed and delivered to J. G. Whitlow, appellant's vendor, a warranty deed reciting that they had "granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey, unto the said J. G. Whitlow, his heirs and assigns, the following described tract of land, to wit, an undivided one-seventh interest in a certain 200 acres of land lying in Parker county, Texas, * * * known as the Riley Fox homestead, and the interest in and to the same hereby conveyed being the interest which descended to me, the said M. R. Fox, as a son and heir of the said Riley Fox and C. A. Fox." These terms are followed by the usual habendum and warranty clauses; the terms of the warranty being that: "We do hereby bind ourselves, our heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said J. G. Whitlow, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim, the same or any part thereof."

[1] It is undisputed that there were seven children of Riley Fox and C. A. Fox entitled to a distribution of their estate; and the court below found that, by the above deed of M. R. Fox, he passed an entire one-seventh interest in the land in question, notwithstanding the fact that, at the time of its execution, his mother was yet living; and it is agreed that, if such is the legal effect of the deed, the judgment is to be affirmed unless in our opinion it may be shown by extraneous evidence that it was the intention to only convey the undivided interest that had already descended and vested in M. R. Fox at the date of the execution of the deed. We will not undertake to discuss the rules governing the reception of extraneous evidence to explain ambiguities in a deed arising as here, for, regardless of whether the deed under consideration be construed as having been rendered ambiguous by proof of the fact that C. A. Fox was living at the time, we think that on its face it is unambiguous and clearly purports to convey an entire one-seventh interest in the land described in the deed. It purports to convey the interest inherited by M. R. Fox not only from Riley Fox, but also from C. A. Fox, his mother, as if both had previously died. Such being the terms of the deed, we think, in accordance with familiar authorities, that the general warranty quoted was sufficient to convey the after-acquired title which descended to M. R. Fox upon the death of his mother, and accordingly approve and affirm the verdict and judgment below in appellant's favor as against M. R. Fox and wife.

[2] It is further undisputed that after the death of Riley Fox, and before the death of his wife, C. A. Fox, the other plaintiffs and the intervener in the suit also made deeds to J. G. Whitlow. That of Josephine Ferguson and Mamie Christain, joined by their several husbands, was executed upon the 5th day of August, 1903, and for a consideration of $75 conveyed "an undivided one-seventh interest in a certain 200 acres of land, * * * known as the Riley Fox homestead, and the interest in the same hereby conveyed being the same which descended to Albert Fox as a child of Riley Fox and C. A. Fox, and to us as surviving wife and daughter of said Albert Fox, deceased, being all of the interest we have in said 200 acres of land as heirs at law of said Riley Fox and C. A. Fox." The deed likewise contains the usual habendum and warranty clauses; but the court below found that but an undivided one-fourteenth interest passed by its terms, and accordingly rendered a judgment in favor of these plaintiffs against the appellant Pritchard for an undivided one-fourteenth interest in the land in controversy. We are of opinion that such findings and judgment must likewise be affirmed. While it has been held in this state that a married woman, joined by her husband, may convey an estate in expectancy (Daggett v. Barre, 135 S. W. 1099), we think the deed now under consideration on its face purports to convey only the interest which had then descended to Albert Fox, as a child of Riley Fox and C. A. Fox. This interest, while mistakenly denominated as an undivided one-seventh, was clearly but an undivided one-fourteenth. That was all of the interest owned by the makers of the deed at the time of its execution; and the deed does not purport to convey an estate in expectancy, as in the case above referred to. The warranty, of course, cannot be held to operate as against Josephine Ferguson and Mamie Christain. See Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779, and other cases that might be cited on this point.

The deed from A. C. Tackett, joined by her husband, to J. G. Whitlow was executed on the 8th day of October, 1888, and is in all substantial particulars the same as the deed of Josephine Ferguson and Mamie Christain, from which we have quoted, save that it conveys the interest "which descended to A. C. Tackett, as a child of Sarah Borden, née Sarah Fox, who was a child of Riley Fox and C. A. Fox." The construction of this deed, we think, is controlled by what we have already said in construing the deed of Josephine Ferguson and Mamie Christain, and we accordingly, without further discussion, affirm the judgment in favor of A. C. Tackett and Wayne Tackett against

appellant for an undivided one-fourteenth interest.

All questions presented on the appeal having been determined by us as in the court below, it follows that the judgment should be affirmed in its entirety, and it is so ordered.