*R. R. Jackson* and *C. E. Moore,* for plaintiff in error.

---

SNELL *v.* SCARBORO *et al.*      HIGHTOWER *v.* SCARBORO *et al.*

ATKINSON, J. J. T. Snell, being owner of certain land, executed a deed which declared: "This indenture made the 4th day of December, 1903, between J. T. Snell, of the County of Johnson, J. J. Snell, O. O. Snell, M. A. Snell, during their life and at their death to their children, Lizzie, Brannen, Myrtle, Pauline, born and those yet to be born, witnesseth that the said J. T. Snell for $5.00, natural love and affection he has for his sons and their children, bargained and sold and by these presents does

---

Deeds, 18 C. J. p. 305, n. 36, 38; p. 307, n. 58, 59; p. 311, n. 3; p. 318, n. 71; p. 326, n. 58, 62, 63; p. 327, n. 327, n. 327, n. 70, 71. .
Ejectment, 19 C. J. p. 1035, n. 32; p. 1036, n. 32, 33.

bargain, sell, and convey unto the said J. J., O. O., and M. A. Snell during their lives and then to their children as above, and assigns, [described realty]. Said J. J., O. O., and M. A. Snell are to divide the above tract of land between themselves, and the line that they agree upon shall bind their heirs severally, and said J. T. Snell reserves a life interest in said land, as in other words this deed is to take effect at my death. To have and to hold said bargained premises to the said J. J., O. O. and M. A. Snell during their lives, and then to their children, Lizzie, Brannen, Myrtle, Pauline, born and yet to be born, executors, administrators, and assigns, in fee simple; and the said J. T. Snell warrants said bargained premises unto the said J. J., O. O. and M. A. Snell as above, executors, administrators, and assigns, against the said J. T. Snell, his executors and administrators, and against all and every other person." The children Lizzie, Brannen, and Myrtle Snell mentioned in the deed were children of O. O. Snell. Pauline Snell was the child of M. A. Snell. The grantee J. J. Snell was known by the grantor to be 45 years of age at the time the deed was executed, and to be without a child and unmarried. The said three sons divided the land into equal tracts, and each took possession of the tract allotted to him. J. J. Snell conveyed 300 acres of the portion allotted to him to Carlos Snell, who immediately conveyed it to his wife, Ora Snell. After such conveyances J. J. Snell died intestate, without having married, leaving as one of his heirs at law a sister, Mrs. Mattie Hightower. After the death of J. J. Snell, children of M. A. and O. O. Snell, claiming as remaindermen under the deed, instituted complaint for land against Mrs. Ora Snell, to recover the said three hundred acres. The petition as amended alleged all that is stated above. The defendant interposed a general demurrer to the petition, which being overruled, she excepted. A daughter of J. T. Snell was allowed as his heir at law to intervene as a party defendant, upon the allegation that J. T. Snell had died. The intervenor also interposed a general demurrer to the petition as amended, which being overruled, she excepted. The two cases were argued together in the Supreme Court.
*Held:*

1. It was not alleged in the petition that J. T. Snell had died, but no point is made on the failure to make such allegation, or question raised as to testamentary character of the paper. As to the latter question see *Shelton* v. *Edenfield*, 148 *Ga.* 128 (96 S. E. 3); *Price* v. *Gross*, 148 *Ga.* 137 (96 S. E. 4); *West* v. *Wright*, 115 *Ga.* 277 (41 S. E. 602); *Brice* v. *Sheffield*, 118 *Ga.* 128 (44 S. E. 843); *Watkins* v. *Nugen*, 118 *Ga.* 372 (45 S. E. 262); *Griffith* v. *Douglas*, 120 *Ga.* 582 (48 S. E. 129); *Jones* v. *Lingo*, 120 *Ga.* 693 (48 S. E. 190); *Crawford* v. *Thomas*, 150 *Ga.* 435 (104 S. E. 211).

2. The word "their," as employed in the terms "to their children" and "shall bind their heirs severally" and "then to their children," refers to the grantor's named sons individually and contemplates a grant in remainder to children of each as separate classes, rather than a grant to children of said sons as one class. See *Keith* v. *Chastain*, 157 *Ga.* 1 (121 S. E. 233).

3. "Every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction,

increase such estate into a fee." Civil Code (1910), § 3659; *McCord* v. *Whitehead*, 98 *Ga.* 381, 385 (25 S. E. 767). Applying the foregoing, the grant to the son J. J. Snell was *expressly limited to his life*, and a fee will not be implied from the facts that he did not have a child at the date of the instrument and subsequently died after the death of the grantor without having married and had a child.

(*a*) The grant to J. J. Snell was not of a base or qualified fee subject to be divested upon his having children.

(*b*) The case differs from *Reynolds* v. *Dolvin*, 154 *Ga.* 496 (114 S. E. 879), and similar cases, in which the estate to the first taker was not *expressly limited* to a life-estate.

4. The grant to the son J. J. Snell was not an attempt to create an estate tail, failure of which would result in creating a fee, but it was a grant to J. J. Snell for his life, with contingent remainder to such children as might be born to him.

5. As there was no child of J. J. Snell in esse at the date of the instrument, the grant in remainder to children of J. J. Snell was contingent upon his having afterborn children.

6. As there was a failure of such contingency, the estate in remainder provided to follow the life-estate to J. J. Snell did not vest, and consequently it was left in the grantor and descended to his heirs at law upon his dying intestate.

7. A purchaser of the fee from J. J. Snell acquired only his life-estate, and such share in the land as fell to him as heir at law of his father.

8. On application of the foregoing principles, children of O. O. and M. A. Snell did not take in remainder the interest allotted to J. J. Snell, who died subsequently to the grantor's death, without having had a child.

9. In complaint for land by children of O. O. and M. A. Snell, claiming as remaindermen, instituted after the death of J. J. Snell against a tenant in possession claiming as purchaser of the fee from J. J. Snell, the plaintiffs must rely upon the strength of their own title, and can not recover on the weakness of the title of their adversary.

10. The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. All the Justices concur.*

*C. S. Claxton, E. L. Stephens, A. W. Evans*, and *Hardwick & Adams,* for plaintiffs in error.

*J. L. Kent,* contra.