George **RIVERS et al., Appellants,**

v.

**Lillie RIVERS, Appellee.**

No. 3619.

Court of Civil Appeals of Texas.

Eastland.

April 21, 1961.

Rehearing Denied May 19, 1961.

Jack Watson, Stamford, Scarborough, Black & Tarpley, Abilene, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellee.

COLLINGS, Justice.

Lillie Rivers, surviving widow of J. H. Rivers, deceased, brought suit against George Rivers and other defendants, all children of said J. H. Rivers by a prior marriage. Plaintiff sought a declaratory judgment decreeing the fee simple title to J. H. Rivers' one-half interest in the community real estate of himself and plaintiff to be vested in plaintiff under a contract dated November 20, 1947, and decreeing that defendants' claim of the remainder interest therein, subject to a life estate in plaintiff under the will of the said J. H. Rivers, is wholly untenable and invalid. The trial was before the court without a jury and judgment rendered for plaintiff Lillie Rivers as prayed. The defendants have appealed.

Appellants are the four surviving children of J. H. Rivers' first marriage which was terminated by the death of their mother. There was no community property of that marriage. J. H. Rivers married appellee Lillie Rivers on June 17, 1932, and they lived together as husband and wife until Rivers' death on August 26, 1956. No children were born of their marriage. J. H. Rivers and Lillie Rivers accumulated several parcels of community real estate.

On November 20, 1947, J. H. Rivers, Lillie Rivers and appellants entered into and executed an agreement in writing which recited that it was the desire of J. H. Rivers to presently give to appellants "all of their expected inheritance" and that it was the desire of appellants to accept the sum of $16,000 "in full settlement of their claims against the estate" of their father J. H. Rivers when he died. The $16,000 consideration was paid to appellants out of community funds of J. H. Rivers and Lillie Rivers. The agreement further provided that appellants, who were designated therein as second parties,

"* * * agree in consideration of said sum of Sixteen Thousand and No/100 ($16,000.00) Dollars to make

no claim hereafter against either the said J. H. Rivers or the said Lillie Rivers, should the said J. H. Rivers predecease the said Lillie Rivers, for any property whatsoever, real, personal or mixed and Second Parties acknowledge that they are fully satisfied with this settlement and that same shall be binding upon them, their heirs and assigns and that they are freely accepting same with full knowledge that such settlement is full and complete, both as to the present and as to the future for all times to come.

\*      \*      \*      \*      \*      \*

"Now, therefore, we, Second Parties, for and in consideration of the sum of Sixteen Thousand and No/100, ($16,-000.00) Dollars to us jointly in hand paid by First Parties, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said J. H. Rivers and/or Lillie Rivers, their executors, administrators and assigns, all of our entire interest and possible inheritance of and to the estate of J. H. Rivers, presently and when he shall die, of whatever kind and nature, as to both real property, personal property, monies, bonds, notes, and all other properties which the said J. H. Rivers is now in possession of or may hereafter become possessed of; to have and to hold the above described premises together with all and singular, the rights and appurtenances thereto in anywise belonging and Second Parties do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said properties of every kind and character unto the said J. H. Rivers and/or Lillie Rivers, if the said J. H. Rivers should predecease Lillie Rivers, their heirs and assigns, against every person whomsoever, lawfully claiming or to claim the same, or any part thereof."

Thereafter on August 26, 1956, J. H. Rivers died leaving a will dated January

5, 1956, which was filed for probate in Jones County. By the terms of the will all of the real estate, separate and community, of which he died possessed was bequeathed to his wife, Lillie Rivers during her natural life but with remainder to appellants, his four children. The will provided in part as follows:

"I further provide that any settlement which I have heretofore made with my said children, (naming Appellants herein) is hereby voided and fully released, and that any such settlement which has been heretofore made with my said children shall not be charged as any lien against my estate, or affect the probating of this my said will in any manner whatsoever."

Appellants present two points of error in which they contend that (1) the court erred in not holding that the decedent's will released the trust imposed on appellants by their previous relinquishment of their share of his estate, and (2) that the court erred in holding that appellants' rights as devisees were extinguished by the release of their expectancy as heirs at law given prior to the making of the will. Appellants' contention is that the remainder interest of J. H. Rivers' one-half of the community real estate after the death of Lillie Rivers passed to them under his will.

Lillie Rivers contends that any title or interest which might otherwise have passed to or been acquired by appellants under their father's will vested pro tanto in appellee Lillie Rivers upon the demise of J. H. Rivers, by virtue of the conveyance set out in said agreement between the parties and the covenants of general warranty contained therein, "and that appellants herein are forever estopped to deny such effect."

It is conceded by appellants that an heir's expectancy may be a proper subject of contract or conveyance. Appellants also concede that there could be a contract which by its terms would exclude recovery of both what an heir might expect to receive under the laws of descent and distribution and what he might receive under a will. See Hammett v. Farrar, Tex.Com.App., 29 S.W.2d 949; Hale v. Hollon, 90 Tex. 427, 39 S.W. 287, 36 L.R.A. 75; and Barre v. Daggett, 105 Tex. 572, 153 S.W. 120. Appellants strongly urge, however, that it would do violence to the intention of the parties to hold that the terms of the contract in the instant case contemplated that J. H. Rivers was to be precluded from disposing of his property by will in any way that he desired. Appellants contend that the only thing covered by the contractual provision in the instant case was what the heirs expected to inherit under the laws of descent and distribution; that at the time of the execution of the contract in 1947 there was no will, and the question of the rights of the parties in case there should be a will was not contemplated, nor intended to be covered. We cannot agree with this contention.

In our opinion the trial court properly held that appellants' rights as devisees as well as their rights as heirs at law were extinguished by the contract and the conveyance executed by them as a part of the contract dated November 20, 1947. By the terms of the contract appellants agreed for a recited consideration of $16,000 "to make no claim hereafter against either J. H. Rivers or the said Lillie Rivers for any property whatever" and "acknowledge that they are fully satisfied with this settlement and—are freely accepting same with full knowledge that such settlement is full and complete—as to—present,—future and for all time to come." In the granting clause set out in favor of Lillie Rivers the estate purported to be conveyed by appellants was described as "all of our entire interest and possible inheritance of and to the estate of J. H. Rivers presently and when he shall die—." The conveyance thus covered "all of appellants' entire interest and possible inheritance" from the estate of J. H. Rivers. The words "entire interest" and "possible inheritance" considered together and with the other language in the contract show an

intention to include more than just that which appellants might inherit from their father as heirs at law. Appellants agreed to make no claim against Lillie Rivers "for any property whatever" and acknowledged that their settlement with their father and Lillie Rivers was complete. Although the word "inheritance" in a strict sense means property acquired as an heir at law, it may be so used that, when considered in context with other parts of an instrument, it will include, as it does in this case, property acquired by will. In the case of Pacheco v. Fernandez, Tex.Civ.App., 277 S.W. 197, 198, (Writ Ref.), it is stated as follows:

"The word 'inheritance,' strictly construed, means something acquired as an heir at law, by descent, and in its contracted legal sense is used in contradistinction to property acquired through a will. It means in its restricted sense something obtained through the laws of descent and distribution from an intestate. While this is true, where the circumstances indicate an intention to include a devise, the presumption will be destroyed that a grantor intended the term in its technical, legal sense. It is well known that in popular use the word 'inheritance' is included property obtained by devise or descent. * * * There was sufficient evidence in this case to show that it was the intention of George Champion to convey all his property to his wife, no matter whether he obtained it by devise or descent, and therefore it will be held that the word inheritance used in the deed of conveyance included property devised by his mother."

■ Appellants' contention that the effect of the judgment appealed from is to destroy the right of J. H. Rivers to dispose of his property as he desired is not well taken. The judgment simply held the contract in question to be valid and enforceable, that Lillie Rivers was entitled to recover, and she was adjudged to have full fee simple title to the property involved.

We cannot agree with appellants' contention that the contract of November 20, 1947, was something only between J. H. Rivers and his children. Lillie Rivers was a party to the contract along with her husband and his children. The $16,000 consideration received by appellants was paid from community funds of Lillie Rivers and her husband. It is not necessary to pass upon the question of whether J. H. Rivers could, in view of the fact that his wife was a party to the contract and furnished one-half of the $16,000 consideration, make a valid will disposing of his community realty in a manner inconsistent with the contract. The important thing is that appellants agreed in return for the stated consideration to make no claim against Lillie Rivers for any property whatever, and conveyed to her with full warranty to her and her heirs their "entire interest and possible inheritance of and to the estate of J. H. Rivers, presently and when he shall die". Their "inheritance" as used in the instrument included property acquired by devise. The judgment decreeing title to the land to be in Lillie Rivers is in no way inconsistent with the will of J. H. Rivers being given full force and effect. There is ample authority for the proposition that any title accruing to appellants under the will has vested in Lillie Rivers. Contrary to appellants' contention, such title vested in Lillie Rivers under the doctrine of after acquired title. This result is supported by the holdings in Pritchard v. Fox, Tex.Civ.App., 154 S.W. 1058, and Zarate v. Villareal, Tex.Civ.App., 155 S.W. 328, 335, (Writ Ref.). The latter case in discussing such a conveyance stated:

"If this were construed to be a deed conveying the grantor's expectancy, title would vest in the grantee upon the death of his parents. * * * If it be construed as a conveyance conveying a present interest, then under the authority of Jenkins v. Adcock [5 Tex.Civ. App. 466, 27 S.W. 21], it is not a quitclaim deed. It purports to convey an estate inherited by him from his parents, * * *. It contains the implied

representation that his parents are dead and that they died intestate. Under these circumstances *the deed, if made prior to the death of Francisco Elinzondo, would upon his death vest the estate attempted to be conveyed thereby in the grantee by estoppel.* The very estate which was sought to be conveyed would be afterwards acquired and would pass under the deed." (Emphasis ours.)

For the reasons stated appellants' points are overruled and the judgment of the trial court is affirmed.