Filed Dec. 20, 1888.

No. 13,172.

## MANN ET AL. *v.* THE STATE, EX REL. LEE, AUDITOR.

MORTGAGE.—*Foreclosure.—Recording.—Subsequent Purchaser.*—Unless it affirmatively appears in a complaint for the foreclosure of a mortgage that a defendant claiming an interest in the mortgaged premises occupies the relation of a subsequent purchaser, an averment that the mortgage had been duly recorded is not essential. In such case the defendant must make his rights appear.

SAME.—*Description.— When Land Presumed to be in this State.*—A deed or mortgage made in the form prescribed by the law of this State, and purporting to have been acknowledged in this State, between parties residing in the State, and containing nothing to indicate a contrary intention, will be presumed to be of land in this State.

SAME.—*School Fund Mortgage.—Omission of County and State from Description of Land.—Presumption.*—Where both the county and State are omitted from the description of land embraced in a mortgage, but it appears on the face of the mortgage that it was executed by parties residing in a certain county in this State, for the purpose of securing a loan of school

funds borrowed by the mortgagors through the auditor of that county, it will be presumed, without more, that the land is there situate.

SAME.—*Purchaser from School Fund Mortgagor.—Bound by Mortgage though not Recorded.*—One who claims through a mortgagor who has given a mortgage to secure school funds, is bound by the mortgage, even though it is not recorded according to the registry acts.

From the Huntington Circuit Court.

*T. G. Smith, J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellants.

MITCHELL, J.—Action by the State on the relation of the county auditor of Huntington county, to foreclose a mortgage executed by Mann and wife to the State for the use of the congressional school fund, to secure a loan of school funds made to Mann in 1865. Arthur M. Leaky was made a party defendant to answer as to any interest which he had, or claimed, to the real estate described in the mortgage, the averment in the complaint in respect to him being in effect that he claimed some interest in the land mortgaged adverse to the plaintiff. The mortgage set out in the body of the complaint contains the following recital, viz.:

"We, George W. Mann and Catharine Mann, of the county of Huntington, in the State of Indiana, for the use of the congressional school fund, mortgage to the State of Indiana all of the east half, etc., in section twenty-two (22), township twenty-seven (27) north, of range ten (10) east."

The official certificate of the clerk and recorder of Huntington county, which accompanies the mortgage, begins as follows:

"State of Indiana, Huntington county, ss.: The undersigned, clerk and recorder of said county, in which is situate the land described in the foregoing mortgage, hereby certify," etc.

The oath of the mortgagor in respect to the ownership of the land, and the absence of encumbrances thereon, was made before the county auditor. The execution of the mortgage was acknowledged before the same officer.

There was no averment in the complaint that the mortgage was duly recorded, nor did it appear on the face of the mortgage and accompanying papers where the land was situate, except as indicated above.

There was a judgment of foreclosure against all the defendants.

Leaky, who alone assigns error here, makes two points against the complaint, (1) that it was insufficient as to him, in that it was not averred therein that the mortgage had been duly recorded; (2) that the mortgage was void on its face for want of a sufficient description of the land mortgaged.

In respect to the first objection, it is only necessary to say it no where appears in the complaint that the appellant was a subsequent purchaser. The registry acts are designed for the protection of subsequent purchasers, who purchase in good faith for a valuable consideration. It follows, that unless it affirmatively appears in a complaint for foreclosure, that a defendant claiming an interest in the mortgaged premises occupies the relation of a subsequent purchaser, an averment that the mortgage had been duly recorded is not essential. *Hoes* v. *Boyer,* 108 Ind. 494.

In respect to the second proposition, the settled rule is, that a deed or mortgage made in the form prescribed by the law of this State, which purports to have been acknowledged in the State, and between parties resident in the State, and which contains nothing to indicate a contrary intention, will be presumed to be of land in the State. *Dutch* v. *Boyd,* 81 Ind. 146.

It appears on the face of the mortgage that it was executed by parties residing in Huntington county, in this State, for the purpose of securing a loan of school funds borrowed by the mortgagor through the auditor of that county.

From the facts appearing upon the face of the mortgage it will be presumed, without more, that the land mortgaged is situate in Huntington county, in this State. *Brown* v. *Ogg,*

85 Ind. 234; *Bryan* v. *Scholl,* 109 Ind. 367, and cases cited; *White* v. *Stanton,* 111 Ind. 540; *Noland* v. *State, ex rel.,* 115 Ind. 529.

It does not appear from the evidence that the mortgage in suit was recorded, nor that the appellant had actual notice of its existence when he acquired title to the land. The appellant therefore insists that the proof did not justify the finding and judgment of the court against him.

As we have seen, there was no issue tendered by the complaint requiring the plaintiff to make any proof upon the subjects above mentioned. As the complaint stood, it was incumbent on the appellant, in case he occupied the relation of a subsequent purchaser for a valuable consideration, without notice, to aver and prove the facts. It does not appear that he made any attempt to do so. It is true that in the second paragraph of his answer he averred that he " took title to said real estate as aforesaid without any notice of plaintiff's claim."

This, however, falls far short of an averment that he was a subsequent purchaser in good faith, and for a valuable consideration, and it is only purchasers of that description who are within the protection of the registry laws. Section 2931, R. S. 1881.

For anything that appears in the pleadings or proof, the appellant may have taken his title as a mere volunteer. He neither pleaded nor proved anything to the contrary. Besides, it has been held that one who claims through a mortgagor who has given a mortgage to secure school funds, is bound by the mortgage, even though it is not recorded according to the registry acts. *Stockwell* v. *State, ex rel.,* 101 Ind. 1; *Deming* v. *State,* 23 Ind. 416. There was no error.

The judgment is affirmed, with costs.

Filed Dec. 20, 1888.