## BRICE *v.* SHEFFIELD.

1. A deed is not inadmissible in evidence because of an alteration which is unimportant and immaterial to the case. ·

2. A description of land as " ten acres of land, situated in [a certain district], where I now reside," is not too indefinite to be made certain by parol evidence. A deed conveying land so described is not inadmissible in evidence as wanting a sufficient description of the land conveyed, and the latter is sufficiently identified when it is shown that, at the time of the execution of the conveyance, the grantor was living in the named district upon a certain tract of land which contained just ten acres.

3. An instrument, executed and attested as a deed and duly delivered, which recites that it is " to certify " that the grantor has given the grantee certain land, in consideration of his having built her a house, " said land to belong to him at my death," is not testamentary in character, but conveys a present title with the possession postponed until the death of the grantor.

4. The trial judge erred in refusing a new trial.

*Argued April 30,—Decided June 1, 1903.*

Complaint for land.    Before Judge Felton.    Bibb superior court. August 12, 1902.

*Minter Wimberly* and *J. E. Hall,* for plaintiff in error.
*E. P. Johnston* and *Hardeman, Davis, Turner & Jones,* contra.

SIMMONS, C. J.    Complaint for land was brought by Mrs. Sheffield against William Brice.    On the trial the judge directed a verdict for the plaintiff for the premises in dispute, but seems to have left to the determination of the jury the amount of the mesne profits to be awarded.    The defendant moved for a new trial; the motion was overruled, and the movant excepted.    Two grounds are insisted on by counsel for the plaintiff in error: (1) that the court erred in refusing to admit in evidence a certain paper tendered in evidence by the defendant as a deed to him from his mother, who was the common grantor under whom both parties claimed; and (2) that the court erred in directing a verdict.    The paper excluded by the court was as follows:

"Georgia, Bibb County:          Macon, Georgia, March, 1884.

"This is to certify that I have given my son, Wm. Brice, ten acres of land, situated in Rutland district, where I now reside, for in consideration of building me a house, said land to belong to him at my death.

"Signed in the presence of us,          } Aletha X Brice.
J. A. Jordan,                                      mark.
W. E. Jenkins, J. P. Bibb Co., Ga. }

"I neglected to date this agreement at the time of writing it. It was executed prior to April, 1884, for I resigned as justice of the peace in April, 1884. My recollection the paper was executed in March, 1884. This September 15th, 1892.

"W. E. Jenkins, N. P., Bibb Co., Ga."

This paper was excluded on the grounds that its record was not good notice, because there appeared to be a material alteration in the deed, unexplained, and because the description of the land conveyed was not sufficient to put the plaintiff, a subsequent purchaser, on notice. It was also argued here that the paper was testamentary in character, and postponed not only the possession but the title until after the death of the person signing it.

1. We will first consider the so-called alteration. From the note at the bottom of the paper and from the oral evidence it appeared that there was no alteration of the body of the instrument, but that it was executed without date, some time about March, 1884, and that in 1892 the attesting officer wrote "Macon, Georgia, March, 1884," in the upper right-hand corner, and added, below the body of the instrument and the signatures, the certificate as to the time of execution. This, we think, was not a material alteration of the instrument. The paper was duly recorded as a deed in September, 1892, and, if given effect as a deed from the date of its record, was good as against the plaintiff. The date of the execution is wholly unimportant, so it was executed and recorded prior to the acquisition of an interest in the land by another.

2. The description of the land conveyed was sufficient, under the facts shown by the parol evidence, to definitely and positively identify the tract referred to. Mrs. Brice at one time had owned a seventy-acre tract of land, this being the only land she ever owned in Bibb county. She made a parol gift of thirty acres of this to each of her two sons, retaining for herself a ten-acre tract. *The*

*land was divided,* each son taking his thirty acres and the mother retaining and residing upon the ten acres.   The deeds were not made, conveying the thirty acres to each of the sons, until after the execution of the instrument now under consideration ; but the actual division of the land had been made before this instrument was executed.   Taken in connection with this evidence, the paper clearly identified the land conveyed.   The caption was, " Georgia, Bibb county," and the words " Rutland district," in the body, will be referred to the locality named in the caption.   The description of the land as ten acres "where I now reside " is not so vague as to make identification impossible and render the instrument inadmissible ; for the description was such that it might by parol evidence be applied with certainty to some given tract, as in fact it was by the evidence just above recited.   At the time this paper was shown to have been executed, the grantor was residing on a definite tract or lot of land which contained ten acres, and the conveyance of ten acres of land where she at the time resided could have referred to no other or different land.   Neither more than this tract nor less than all of it would answer the description given, and no metes and bounds or further descriptive terms were necessary.   The description in the deed, considered in the light of the facts existing at the time of its execution, identified, as the land conveyed, the tract on which the grantor at that time resided.

3.   The defendant testified:  " My mother asked me to build a house for her on the ten acres of land on which she lived, agreeing that if I built her the house she would give me a deed to the land, she having the right to live on it during her life.   She made the proposition to me to build the house, and that she would give me a deed to the ten acres of land, subject to her use during her life.   I built the house as she directed, and she made me this deed after the house was built."   Considered as showing the circumstances under which the instrument was executed, this evidence is helpful in determining the character of the instrument.   It shows that the paper was not intended as mere evidence of an executory contract to convey the land when the house was completed, for the house had been completed before the instrument was executed.   The instrument is not in the form usual to deeds, but the words " This is to certify " are not essentially different from the more usual " This indenture witnesseth," and the words " I have given " are sufficient

in Georgia as words of conveyance of land. So, too, in Georgia the word "heirs" or its equivalent is not necessary to create an absolute estate; but every conveyance, properly executed, is construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. In *Wynn* v. *Wynn,* 112 *Ga.* 214, many of the Georgia cases dealing with habendum clauses of a doubtful nature, where it was difficult to determine whether or not the instrument was testamentary in character, are collected. · Under those cases and the decision in *Wynn* v. *Wynn,* the instrument now under consideration can not be treated as testamentary, but must be regarded as creating a present title to the land with a postponement of the possession only. See also *West* v. *Wright,* 115 *Ga.* 277. In this case, as in *Wynn* v. *Wynn,* the instrument was attested in a manner which fully complied with the law as to the attestation of deeds, but which was ineffectual as applied to a will. Then, too, the fact that the instrument was delivered to the grantee is evidence tending to show that it was intended as a deed rather than as a will. The reservation of the life-estate in the grantor is not at all inconsistent with an intention to convey the title in presenti with the right of possession postponed until the death of the grantor. Giving effect, as best we can, to the intention of the parties as gathered from the form and language of the instrument, considered in the light of all the circumstances and the contemporaneous acts of the parties, we must hold that the instrument is not testamentary, but is a deed which conveyed the title.

4. For the reasons given, this instrument was admissible in evidence. Had the judge admitted it, the evidence would certainly not have demanded a verdict for the plaintiff, and it would have been error to so direct. The judgment of the court below, refusing to grant a new trial, was erroneous.

*Judgment reversed. By five Justices.*