WALTER CONNALLY & CO. v. CONTINEN-
TAL STATE BANK OF BIG SANDY
et al.   (No. 1668.)

(Court of Civil Appeals of Texas.   Texarkana.
Nov. 2, 1916.)

MORTGAGES ⬨⟩127, 494, 554—FORECLOSURE—
JUDGMENT — DESCRIPTION OF PROPERTY —
CERTAINTY.

Against mortgagors of chattels and real es-
tate, and subsequent mortgagees and purchasers
with knowledge of the property being mortgaged,
description in a mortgage, judgment of foreclo-
sure, and sheriff's deed, stating number and
kinds of gin machinery, also the ginhouse in
which it is operated, and the lot on which the
house is located, it being stated to be "at ——
in U. county," and reference being made to the
records of U. county for further and better de-
scription, is sufficient; the property being ca-
pable of identification by aid of extrinsic evi-
dence.

[Ed. Note.—For other cases, see Mortgages,
Cent. Dig. §§ 249, 1441–1445, 1582–1591; Dec.
Dig. ⬨⟩127, 494, 554.]

Appeal from District Court, Upshur
County; R. M. Smith, Judge.

Action by Walter Connally & Co. against
the Continental State Bank of Big Sandy and
another. From an adverse judgment, plain-
tiff appeals. Reversed and remanded.

Price & Beaird, of Tyler, for appellant.
Warren & Briggs, of Gilmer, and J. P. Hart,
of Big Sandy, for appellees.

HODGES, J.   In April, 1915, the appellant
filed this suit against the Continental State
Bank and W. F. Collins, seeking to recover
the title and possession of a certain tract of
land in Upshur county and some gin ma-
chinery located thereon. All the property is
described more in detail in the plaintiff's
petition. Collins filed no answer to this suit.
The Continental State Bank answered by a
general demurrer, general and special denials,
and a plea of not guilty.

The evidence offered by the appellant show-
ed that on June 4, 1912, it sold to W. F. Col-
lins two gin stands and some gin machinery,
in payment for which Collins gave four
promissory notes aggregating $1,400, and at
the same time executed a mortgage for the
purpose of securing the payment of those
notes. The mortgage contained the follow-
ing description of the property:

"Two 60-saw right-hand Pratt huller gins;
two 60-saw class C feeders; one 120-saw
right-hand steel lint *fule* [flue] system; one 120-
saw battery condenser; two iron dust flues
for condenser; one revolving double box 5"
screw power press complete with regular equip-
ment, including steam tramper and fittings; one
2/60-saw elevator system complete from wagon
to fan, including fan and fan countershaft; one
seed blowing elevator complete; one 11x15
Skinner engine complete with all regular fix-
tures, including foundation bolt and steam and
exhaust pipe; one 42x12 horizontal tubular
boiler complete with regular fixtures including
inspirator and whistle; also all belting, shafting
and pulleys and other appurtenances necessary
to complete the above outfit; also the ginhouse
in which the above machinery is located and
operated, and the lot or parcel of ground upon
which said house and machinery is located. For
further and better description of gin lot refer-
ence is here made to the records of Upshur
county."

Following this description in the mortgage
was the stipulation that:

"The machinery was located and to be located
at —— in Upshur county, Texas, and to re-
main personalty wherever located."

Upon the failure of Collins to pay the notes
at maturity the appellant instituted a suit
in the district court of Smith county against
Collins and the Continental State Bank, in
which it recovered a judgment for the
amount due, and a foreclosure of the mort-
gage. The appellee bank was made a party
to that suit upon the ground that it claimed
some kind of an interest in or lien upon the
property involved. In due course of time an
order of sale was issued upon that judgment,
and all of the property, both the machinery
and the ginhouse and lot, were levied upon
and sold by the sheriff and purchased by the
appellant. The sheriff thereafter made a
proper conveyance to appellant of the same.
The description in the judgment and the
sheriff's deed followed that in the mortgage,
and was no more definite. Some time after
this sale of the property and its purchase by
the appellant, the Continental State Bank
foreclosed a mortgage held by it upon the
same property, taken subsequent to that of
the appellant. It seems that another sale
was made under that judgment of foreclo-
sure, at which the property was purchased and
taken possession of by the bank. The evi-
dence further tended to show that the officers
of the bank had actual notice of the appel-
lant's prior mortgage and that it was on the
machinery purchased by Collins from appel-
lant in 1912. Collins testified that at the time
he executed the mortgage to appellant he had
a verbal contract to purchase the gin lot
from its former owner; that the tract con-
sisted of one-half an acre of land, which he
was then using as a gin lot and on which he
intended to locate this particular machinery;
that it was so located and operated, and was
there when seized and sold by the sheriff in
obedience to the judgment rendered in favor
of the appellant.

When the mortgage executed by Collins
to the appellant, and the judgment rendered
in favor of the appellant against Collins, were
offered in evidence, counsel for the appellee
Continental State Bank objected to their
introduction, upon the ground that they were
void because of the insufficiency of the de-
scription of the property. The court refused
at that time to sustain the objection, and
permitted the evidence to go to the jury. At
the conclusion of the testimony, however, he
gave a peremptory instruction to the jury to
return a verdict for the defendants. The

giving of that charge is the principal error urged on this appeal.

We must assume, in the present state of the record, that the peremptory instruction complained of was prompted by a conclusion on the part of the trial court that the description in the judgment and mortgage was too indefinite to constitute sufficient evidence to sustain a recovery by the appellant.

The sufficiency of a description in instruments of this character depends largely upon circumstances and the relative situation of the parties to the controversy. A description which might be insufficient to constitute record notice of a prior conveyance or mortgage might be sufficient as between parties to such instruments and those having actual knowledge of the identity of the property intended to be mortgaged or conveyed. While the description here under consideration is somewhat vague, it cannot be said that it is so indefinite as to render void the instruments in which it appears. The following cases appear to sustain that conclusion: Blythe v. Crump, 28 Tex. Civ. App. 327, 66 S. W. 885; Ranck v. Howard Sansom Co., 3 Tex. Civ. App. 507, 22 S. W. 773; Watt v. Parlin & Orendorf Co., 44 Tex. Civ. App. 439, 98 S. W. 428; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Harless v. Jester, 97 S. W. 138; Panhandle National Bank v. Emery, 78 Tex. 498, 15 S. W. 23; Johnson v. Brown, 65 S. W. 485; Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715.

In consideration of the sufficiency of the description of the gin machinery, let us suppose that the appellant had sold to Collins property corresponding to that description, and had taken a mortgage to secure the payment of the purchase money, in which the description was no more specific than is here given. Could Collins successfully resist a foreclosure, upon the ground that the description was too indefinite? Could he say that no property had been mortgaged? We think not. For as between the parties to that contract such details as were necessary to identify the property might be easily supplied by parol evidence. The same liberality would be justified in dealing with subsequent purchasers and mortgagees who had actual knowledge of the identity of the property contemplated in the mortgage. Parol evidence may be resorted to to supply details not in conflict with a written general description. In Giddings v. Day, 84 Tex. 605, 19 S. W. 682, Chief Justice Stayton quoted as follows from a former decision of the Supreme Court:

"The construction of a deed, being matter of law, is for the court. If, therefore, the land intended to be conveyed by it be so inaccurately described that it appears, on an inspection of the deed, the identity of the land is altogether uncertain, and cannot be determined, the court should pronounce it void; but when the uncertainty does not appear upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it. In such case, the deed should not be excluded from the jury, but should go to them along with parol evidence, to explain or remove such ambiguity; and the identity of the land is then a mixed question of law and fact, to be determined by the jury under the instructions of the court."

Continuing, the court said:

"This rule is as applicable to deeds made to consummate sales made by sheriffs under executions as to deeds made by private persons."

In Wilson v. Smith, 50 Tex. 365, the court, after discussing the sufficiency of a description, said:

"Apparently the court held the defendant's title insufficient because of uncertainty of description of the land sold in the sheriff's deed and in the levy. If so, we are of opinion that the court erred. Certainly the deed cannot be pronounced void upon mere inspection, for it cannot be said that it appears from the face of the deed that the land conveyed cannot be identified by the aid of extrinsic evidence."

The rule as to personal property is no less liberal than that which applies to descriptions of real estate. There is nothing which appears upon the face of the mortgage or the judgment in this instance which indicates that a more definite description of the personal property could have been given. Nor is there anything appearing upon the face of the mortgage or judgment which indicates that the property cannot be distinguished from the property of a like kind. The evidence was uncontradicted upon the trial that this particular machinery intended to be mortgaged and corresponding to the general description given in the written evidence was in fact identified; that it was the same that was purchased by Collins from the appellant, and was situated upon a gin lot formerly belonging to Collins and then in the possession of parties holding under the appellee bank. The testimony further shows that the appellee bank knew that this property had been purchased by Collins and mortgaged by him to the appellant at the time it took its mortgage, and also when it foreclosed the lien under which it claimed possession of the property.

The evidence, we think, was sufficient to support a finding in favor of the appellant as to the personalty, and for that reason alone the court committed reversible error in giving the general peremptory instruction.

The next inquiry, then, is as to the sufficiency of the description of the real estate. This is described as follows:

"Also the ginhouse in which the above machinery is located and operated, and the lot or parcel of ground upon which said ginhouse and machinery are located. For further and better description of gin lot reference is here made to the records of Upshur county."

If the gin machinery could be identified and its location established, that in itself would be sufficient to locate and identify the lot upon which the mortgage lien was to operate. The reference to the deed records of Upshur county indicates that the property was situated in that county. While this was insuf-

ficient to furnish a description, it is enough to show the situs of the property. Collins testified that he had previously contracted for a lot consisting of a half acre of land, upon which he owned and operated a gin, and upon which this particular machinery was to be located at the time of its purchase, and upon which it was actually located and operated thereafter. There is no confusion as to the quantity of land or as to its exact situation. The description in the mortgage and judgment made plain the following facts: That the land intended to be incumbered was a gin lot owned by Collins, situated in Upshur county, on which was located the gin machinery bought by Collins from the appellant. As between Collins and the appellant, the former could not say that such a description was void for uncertainty. Brice v. Sheffield, 118 Ga. 128, 44 S. E. 843; Mann et al. v. State, 116 Ind. 383, 19 N. E. 181; 1 Jones on Mortgages, §§ 65 and 66; 3 Devlin on Deeds, § 1012. In the last-cited authority it is said:

"And generally the rule may be stated to be that the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed."

Mr. Jones in his work on Mortgages, as cited above, says:

"When the objection is merely to the indefiniteness of the description it does not lie with the mortgagor to say that he conveyed the property by a description so loose or indefinite that no title could pass upon a foreclosure sale of the property."

For the reasons stated, the judgment of the district court will be reversed, and the cause remanded.