## GOODRICH v. JASPER STATE BANK.
### No. 3524.

Court of Civil Appeals of Texas. Beaumont.
Sept. 28, 1939.

Synnott & Smith, of Jasper, for appellant.

Richardson & Lanier, of Jasper, for appellee.

COMBS, Justice.

This is the second appeal of this case. The facts and issues are the same in all material respects as on the former appeal and we refer to the opinion of Chief Justice Walker reported as Jasper State Bank v. Goodrich, Tex.Civ.App., 107 S.W.2d 600, for a full statement of the case. It is only necessary to state here that the suit by the bank was on a promissory note and foreclosure of a deed of trust lien on an undivided interest of 293⅓ acres of land out of a 440-acre tract. On the first trial, the trial court gave judgment for the bank for its debt but refused to foreclose the lien on the ground that the description of the land covered by the deed of trust was fatally defective. We held the description sufficient when aided by other proof which was offered by the bank but excluded and remanded the case, suggesting an amendment of plaintiff's petition. On the present

trial our holdings were followed, the judgment being in favor of the bank for its debt and foreclosure of the deed of trust lien. The defendant Goodrich has appealed.

### Opinion

All assignments of appellant raise legal questions which were decided by this court on the former appeal, with the exception of the single proposition which we will discuss below. We are fully satisfied that our former holdings were correct and so overrule all assignments raising those questions without further discussion.

One new matter is presented. Appellant contends that the trial court erred in permitting introduction of the testimony of defendant on cross examination wherein he stated he owned an undivided two-thirds interest in the 440-acre tract and that he intended the deed of trust to cover what he owned in the tract. Appellant's contention is that only written evidence, the records and muniments of title, was admissible to show what land the defendant owned and that admission of oral testimony was in violation of the statute of frauds. Vernon's Ann.Civ.St. art. 3995. The contention is overruled. This suit does not involve the question of defendant's title, but merely the matter of what land he meant to describe in the deed of trust. Under the facts, his oral testimony as to what land he claimed in the 440-acre tract in question at the time the deed of trust was executed was admissible on that issue, in aid of the written description set forth in the instrument.

The judgment of the trial court is affirmed.