

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00269-CV

**FREDERICK ALONGI AND SHERRY L. ALONGI,**

$\qquad$ **Appellants**

**v.**

**ALEXA MICHELLE SCOTT MOSTELLER,
BRONWYN SUZETTE SCOTT WALKER AND
ERIK SHAWN SCOTT,**

$\qquad$ **Appellees**

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 07-05-17,809-CV**

## MEMORANDUM OPINION

Frederick and Sherry Alongi appeal from a judgment which granted a motion for summary judgment against them, denied their motion for summary judgment, and awarded attorney's fees. The Alongis complain (1) that the trial court erred in its determination that three deed assignments were ambiguous as a matter of law and therefore were construed improperly, and (2) that the evidence was legally and factually insufficient to support the award of attorney's fees. Because we find no reversible error, we affirm the judgment of the trial court.

*Background*

In 1997, Herbert B. Scott, Jr. executed three identical deed assignments of his mineral interest in his real property to his three children, giving each a 1/3 undivided interest. After Herbert Scott, Jr.'s death, the remaining interest in the property was conveyed to one of the three children, Erik Shawn Scott. Erik Scott conveyed the property to the Alongis in 2004 but retained a 1/2 interest in the mineral estate. In 2007, the Alongis filed an action for declaratory judgment and to quiet title regarding the ownership of the mineral interests in the property. The other two Scott children, Alexa Michelle Scott Mosteller and Bronwyn Suzette Scott Walker were named as parties in the Alongi's suit, and they subsequently filed an action seeking a declaratory judgment between the three Scott children construing the three deed assignments.

All parties filed competing motions for summary judgment. The trial court granted the motion filed by the Scott children, found that the deed assignments were ambiguous, and reformed the deeds to convey an undivided 1/3 mineral interest to each. The trial court later awarded attorney's fees to the Scott children to be paid by the Alongis.

*Construction of the Deeds*

In their first issue, the Alongis complain that the trial court erred by granting the Scott children's motion for summary judgment and denying their motion for summary judgment based on a finding that the deeds were ambiguous as a matter of law. The Alongis complaint is limited to the trial court's determination of ambiguity and they do

not otherwise attack the trial court's resolution of the ambiguity, which was to reform the deeds.

*Ambiguity*

Whether a deed is ambiguous is a question of law for the court, which we review de novo. *Johnson v. Conner*, 260 S.W.3d 575, 579 (Tex. App.—Tyler 2008, no pet.); *Gore Oil Co. v. Roosth*, 158 S.W.3d 596, 599 (Tex. App.—Eastland 2005, no pet.). A deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *See Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963); *McMillan v. Dooley*, 144 S.W.3d 159, 185 (Tex. App.—Eastland 2004, pet. denied); *see also Jasper State Bank v. Goodrich*, 107 S.W.2d 600, 602 (Tex. Civ. App.—Beaumont 1937, writ dism.w.o.j.) ("[T]he law can indulge the presumption that the grantor 'intends to convey the tract to which he has title' . . . when that presumption does not do violence to the language of the deed."). A court's primary goal when construing a deed is to ascertain the true intention of the parties as expressed in the "four corners" of the instrument. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991).

If a written instrument, such as a deed, is worded in such a way that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980); *Gore Oil Co.*, 158 S.W.3d at 599. However, if a written instrument remains reasonably susceptible to more than one meaning after the rules of interpretation have been applied, then the instrument is ambiguous. *R & P Enters.*, 596 S.W.2d at 519; *Gore Oil Co.*, 158 S.W.3d at 599.

*The Relevant Language*

Three separate assignments were made by Herbert B. Scott, Jr., each to one of his three children. The pertinent language of each assignment states:

> Grantor … does hereby grant, bargain, sell, convey, assign, transfer, set over and deliver to Grantee and its successors and assigns one-third (1/3) of GRANTOR'S RIGHT, TITLE AND INTEREST in and to the Conveyed Assets described on the attached Exhibit A. As used herein, "Conveyed Assets" shall mean one-third of all of Grantor's interests in and to: (i) one-third of all oil, gas, other hydrocarbons or other minerals, including but not limited to one-third of all oil, gas and mineral leasehold estates, and rights and interests in oil, gas and mineral leasehold estates, and rights and interests in oil, gas and mineral leases, one-third of all royalty interests, mineral fee interests, overriding royalty interests, production payment interests, reversionary interests, carried and net profits interests in oil, gas or other minerals, and one-third of all other interests payable out of or on account of oil, gas, other hydrocarbons or other mineral production; (ii) one-third of all presently existing unitization and pooling agreements and the properties covered and the units created thereby; (iii) one-third of all presently existing oil, casinghead gas and gas sales, purchase, exchange and processing contracts and agreements, operating agreements, farmouts, farmins or any other agreements related to the Conveyed Assets; (iv) and one-third of all oil wells, gas wells, water wells and injection wells, together with the rights incident thereto and the equipment and personal property thereon, appurtenant thereto, or used or obtained in connection with the Conveyed Assets. It is the intent of the Grantor to convey to the Grantee one-third of any and all interests of whatever kind or nature which Grantor owns in the Conveyed Assets.

Exhibit A contains a metes and bounds description of the property included in the assignments without reservation. The Alongis contend that the only interpretation that can be given to the assignments is that each assignment conveyed only a 1/27 interest in the mineral estate rather than a 1/3 interest, which the Scott children contended that they owned.

We agree with the trial court's determination that the assignments were reasonably susceptible to more than one interpretation and were therefore, ambiguous. Therefore, the trial court did not err by granting the Scott children's motion for summary judgment relating to the ambiguity of the assignments and denying the motion of the Alongis. The Alongis do not otherwise complain of the trial court's granting of the motion for summary judgment after the finding of ambiguity or of the trial court's reformation of the deeds. We overrule issue one.

*Attorney's Fees*

The Alongis complain that the trial court erred by awarding attorney's fees to the Scott children because the evidence was legally and factually insufficient to sustain the award. The Alongis also seek a reversal and remand of the award of attorney's fees based on the trial court's improper granting of the motion for summary judgment; however, because we have overruled that issue, we will overrule this portion of the issue as well.

After the trial court granted the motions for summary judgment of the Scott children, the Scott children filed motions seeking attorney's fees under the Declaratory Judgment Act with supporting affidavits attached signed by the attorneys. *See* TEX. CIV. PRAC. & REMEDIES CODE ANN. § 37.009 (West 2008). The Alongis filed a response and objections to the motions. The trial court conducted a hearing where the Scott daughters' and Erik Scott's trial attorneys gave argument, as did counsel for the Alongis. No exhibits were offered or admitted into evidence during that hearing. The trial court took the issue under advisement and later issued an order that granted the

motions in part.  The Alongis filed an objection to the award and a request for findings of fact and conclusions of law, which the trial court signed.

The Alongis complain that the trial court erred by considering the affidavits filed by the Scott children that were attached to their motions because they were not formally offered or admitted into evidence.  Further, the Alongis assert that the statements by the Scott children's counsel did not constitute evidence because the statements were unsworn and therefore, were non-testimonial.  Because of these errors, the Alongis contend that there was either no evidence or insufficient evidence to sustain the awards.  The Alongis do not otherwise challenge the amount of the award or whether it was statutorily proper to award the attorney's fees pursuant to the facts of the case.

*Admission of Evidence*

Many cases have held that evidence treated by the trial court and the parties as if it had been admitted is, for all practical purposes, admitted.  *See, e.g., Sanchez v. Bexar County Sheriff's Dep't*, 134 S.W.3d 202, 203-04 (Tex. 2004) (per curiam) (commission record relied on as evidence by parties and court should be considered by appellate court even though not formally admitted into evidence); *Texas Health Enters., Inc. v. Texas Dep't of Human Servs.*, 949 S.W.2d 313, 314 (Tex. 1997) (per curiam) (appellate court ordered to file administrative record that parties and court treated as admitted evidence although not formally tendered as evidence); *Heberling v. State*, 834 S.W.2d 350, 355-56 (Tex. Crim. App. 1992) (exhibit placed before jury and referred to by witnesses sufficient to sustain verdict although not formally offered or admitted); *Pickering v. First Greenville Nat'l Bank*, 479 S.W.2d 76, 78 (Tex. Civ. App.—Dallas 1972, no

writ) (exhibit that was marked, used, and referred to by attorneys and considered by trial court in rendering its decision was in evidence); *Texas Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 242-43 (Tex. App.—Austin 1997, no writ) (trial court considered administrative record in making decision, both parties treated it as evidence, both referred to the record's contents, and no objection was made that administrative record had not been admitted).

*Analysis*

Both attorneys for the Scott children referred to the affidavits attached to their motions in their statements to the trial court relating to the work performed on the case, the number of hours, and hourly rates requested. The argument put forth by the trial counsel for the Alongis called upon the trial court to deny the award based on the language of the statute. No objection was made to the consideration of the affidavits when they were referred to by the attorneys for the Scott children. The trial court referred to the substance of the affidavits in its findings of fact and conclusions of law, which were unchallenged by the Alongis in the trial court. We find that the trial court did not err by considering the substance of the affidavits because the Alongis waived any complaint to the affidavits by their failure to object to the trial court's consideration of the affidavits. *See* Tex. R. App. P. 33.1(a).

*Reasonableness of Attorney's Fees*

The factors that courts have used to determine the reasonableness of attorneys' fees include

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). The affidavits filed by the Scott children meet these requirements and are legally and factually sufficient to support the award. Because the affidavits are sufficient standing alone to support the award, it is not necessary for us to consider whether the unsworn statements of counsel at the hearing constituted evidence. We find that the trial court did not err in its award of attorney's fees from the Alongis to the Scott children. We overrule issue two.

*Conclusion*

We find that the trial court did not err by granting the Scott children's motion for summary judgment or in its award of attorney's fees. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
[CV06]